Irene FERGUSON, Plaintiff-Appellant,

v.

The KROGER COMPANY,
Defendant-Appellee.

No. 75–2370.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 1976.

E. Hanlin Bavely, Kelley, Grossheim & Bavely, Cincinnati, Ohio, for plaintiff-appellant.

Charles Hodge, Abner W. Sibal, Joseph T. Eddins, Jr., Beatrice Rosenberg, Lutz Alexander Prager, EEOC, Washington, D.C., for amicus curiae EEOC.

J. Mack Swigert, Roger A. Weber, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant-appellee.

## ORDER

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

On receipt and consideration of an appeal in the above-styled case; and

Noting that the District Court dismissed this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1970) alleging unlawful discharge from employment on account of religion on the ground that plaintiff had failed to file her claim for relief with the Kentucky Commission on Human Rights within 90 days of her discharge, as required by Kentucky law; and

Further noting that plaintiff had, however, filed her claim for relief within said 90 days with the Equal Employment Opportunity Commission which had forwarded same to the Kentucky Commission on Human Rights, albeit as the result of EEOC administrative delays after the 90 days had elapsed; and

Further noting that the Supreme Court in a unanimous opinion in *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), held that where a timely complaint was filed with the EEOC, which forwarded it to the appropriate state civil rights agency, the Court saw "no reason why further action by the aggrieved party should be required." *Love v. Pullman Co., supra* at 526, 92 S.Ct. at 618. We believe

that the facts of our instant appeal place it within the purpose, if not the precise language, of the Supreme Court opinion cited above, which we hereby incorporate in full by reference.

We now hold that the administrative delay of the EEOC in this case in failing to follow its own established procedures does not defeat this claimant's right to an action asserting religious discrimination in the United States District Court (*see Mitchell v. Mid-Continent Spring Co. of Kentucky*, 466 F.2d 24 (6th Cir. 1972)).

Wherefore the judgment of the District Court is reversed and this case is remanded for further proceedings.

On the ground that *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), permits the EEOC to forward a timely complaint to the appropriate state civil rights agency but does not require it to do so, and concluding that no filing with the Kentucky Commission on Human Rights has been made within the prescribed 90-day period following plaintiff-appellant's discharge, Judge PECK dissents.