**Karen LEIS, Plaintiff,**

v.

**OPPORTUNITY CONSULTANTS et al., Defendants.**

**No. C–1–76–462.**

United States District Court, S. D. Ohio, W. D.

June 27, 1977.

---

Randal S. Bloch, Cincinnati, Ohio, for plaintiff.

Gary T. Brown, Abner Sibal, General Counsel, Joseph T. Eddins, Associate General Counsel, Lutz Alexander Prager, Washington, D. C., John D. Sargent, District Counsel, Cincinnati, Ohio, as Amicus Curiae for E.E.O.C.

John H. Engle, Cincinnati, Ohio, Neil F. Freund, Dayton, Ohio, for defendants.

## OPINION

DAVID S. PORTER, Chief Judge.

This is a Title VII action alleging sex discrimination. It is presently before the Court on a motion to dismiss filed by T. V. Travel, Inc. (doc. 19), a memorandum contra (doc. 20), and defendant's reply (doc. 22).[1]

Under Title VII, victims of discrimination may not simply haul off and sue, but instead must follow certain complicated procedures prompted by the notion that charges of discrimination should be resolved informally where possible and the notion that state agencies should be given the first chance at resolving the dispute. These are laudable notions, and they are carried into effect by 42 U.S.C. § 2000e–5. Unfortunately, an aggrieved party needs a roadmap, or wiring diagram, to understand the statute. *See M. Player, Federal Law of Employment Discrimination* 216 (1976).

The charge is the document that sets the process in motion. Section 2000e–5 governs the form, or contents of the charge, and explains when and where the charge must be filed. However, at the initial stages of Title VII litigation (when a charge is filed), the aggrieved party usually does not have the benefit of counsel. Accordingly, when faced with questions involving interpretation of the statute governing pre-suit requirements, a Court must keep in mind the fact that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman*, 404 U.S. 522, 526–27, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).

Theoretically, the charge determines the parameters of the legal complaint, and Section 2000e–5(f)(1) states that "a civil action may be brought against the respondent named in the charge" filed with the EEOC. This provision is designed to insure that the defendant or defendants will receive notice of the claims against them, and also starts the EEOC moving, so that informal means of dispute settlement can be attempted. Courts have concluded that these purposes are served if parties not named in the charge have received actual notice of the claims against them, or, if they are so closely related to a named party that during the course of administrative processing of the charge, the unnamed parties and the EEOC, will be made aware of alleged acts of discrimination, and the parties allegedly responsible for them.

Early in this case, the defendant, T. V. Travel, Inc., filed a motion to dismiss on the ground that it was not named in any charge filed with the EEOC (docs. 5, 8, 9, 12). The Court denied the motion, without elaboration, in an Order of February 23, 1977 (doc. 15). The motion was denied because the plaintiff in this case may well have had no way of telling which of several corporate

---

1. We take judicial notice of House Bill No. 610, attached to plaintiff's request for judicial notice, filed pursuant to Fed.Rule Ev. 201. The request was not opposed, nor is there any basis for opposition.

entities was responsible for alleged acts of discrimination and because the record at the time that the motion was denied suggested that there was a "substantial identity" between Top Value Enterprises, a party named in the charge, and T. V. Travel, its subsidiary corporation. The two firms have the same address and principal officers; a Top Value vice-president and statutory agent for both was served with the charge; and the firms apparently share the same personnel office, headed by the same personnel director, with employee transfers between the firms. Under the circumstances, it is likely that T. V. Travel received actual knowledge of the charge, and that the EEOC would have discovered the party responsible for the alleged act of discrimination, had it investigated.

Accordingly, the Court concluded that the defendant's motion should be denied, because the degree of defendant's knowledge, the likelihood that the administrative process would have disclosed the person responsible for the alleged discriminatory act, had the EEOC investigated, and the relationship between the named and unnamed party are disputed questions of fact to be resolved on the evidence, and not at this early stage on a motion to dismiss or motion for summary judgment (see the EEOC's excellent amicus brief, doc. 12, at pp. 6–7).

The case is now before us on a second motion to dismiss, again filed by T. V. Travel, on the ground that the Court lacks subject matter jurisdiction (doc. 19, 22). Such a motion may, of course, be filed at any time. The motion is again based on the ground that the plaintiff has not complied with the rules contained in 42 U.S.C. § 2000e-5(c). The motion is opposed (doc. 22).

In a state such as Ohio which has fair employment laws and state agencies charged with their enforcement, a charge must first be filed with the state agency within the time provided by state law. It has been held that the failure to make this filing in time is "jurisdictional" and defeats a Title VII action. *Dubois v. Packard Bell Corp.*, 470 F.2d 973 (10th Cir. 1972). *See*, also, *EEOC v. Procter & Gamble Co.*, Civil No. MS–1–77–11 (S.D.Ohio June 17, 1977). If the charge is timely filed with the state agency, the state has exclusive jurisdiction over the charge for a period of 60 days. After 60 days, the charging party may file a charge with the EEOC. In any event, a charge must be filed with the EEOC within 30 days after the receipt of notice that the state agency has disposed of the charge, or within 300 days following the alleged discriminatory act, whichever is the earlier.

Under the doctrine of *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), a charge may also be filed with the EEOC only. The EEOC will, under its own procedures, refer the charge to the state agency and wait the required 60 days. After 60 days, the EEOC will proceed as if a new charge has been filed. *See also Ferguson v. Kroger*, 545 F.2d 1034 (6th Cir. 1976).

All of this seems easy enough, but there is always the unusual case. This is an unusual case.

The complaint in the present case alleges that the discriminatory act occurred on or about July 31, 1973 (doc. 1 ¶¶ 14–23). It is also alleged that on October 9, 1973, within 180 days of the alleged discriminatory act, the plaintiff, Karen Leis, filed written charges with the EEOC against defendant, Top Value Enterprises, Inc., alleging a denial of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, (¶ 12). A charge had allegedly been filed against defendant, Opportunity Consultants, on August 5, 1973 (¶ 11). The EEOC issued a right to sue letter on July 2, 1976. The complaint was filed September 17, 1976, within ninety days of receipt of the right to sue letter (¶ 13).

The defendant contends that no "valid" charge has been filed with the EEOC, and that no civil action can proceed, because of

the plaintiff's failure to file a charge with the Ohio Civil Rights Commission (OCRC), as required by 42 U.S.C. § 2000e–5(d).

Ohio Revised Code § 4112.02 prohibits certain discriminatory acts and creates the Ohio Civil Rights Commission to deal with and grant relief from such discriminatory acts. In its present form, O.R.C. § 4112.-02(A) prohibits discrimination "with respect to hire" and "because of sex." Under O.R.C. § 4112.05(B), the charge must be filed with the OCRC within six months after the alleged unlawful discriminatory act was committed.

No charge has ever been filed with the OCRC. Furthermore, the EEOC has not referred the charge to the OCRC.

The original version of O.R.C. § 4112.02 did not include sex discrimination as an unlawful act. The legislative history of O.R.C. § 4112.02 discloses that the addition of "sex" discrimination to the types of prohibited discrimination was signed by the Governor of Ohio on September 19, 1973, before the alleged discriminatory act in this case. The defendant contends that on that date, Ohio *had* a law which prohibited the unlawful employment practice charged by plaintiff, within the meaning of 42 U.S.C. § 2000e–5(c), which provides that a charge must be filed with the state agency, if the state *"has* a state or local law prohibiting the unlawful employment practice alleged." (Emphasis added.)

On the other hand, as the plaintiff points out, the "sex" amendment to O.R.C. § 4112.-02 (Amended Substitute House Bill No. 610) did not become effective until December 19, 1973, four months after the alleged discriminatory act, and approximately sixty days after a charge was filed with the EEOC against Top Value Enterprises, Inc., and approximately 120 days after a charge was filed against Opportunity Consultants.

The Court concludes that 42 U.S.C. § 2000e–5(c) must be read as providing that a charge must be filed with the state agency if the state has an effective or operative state or local law prohibiting the unlawful employment practice alleged. Prior to December 19, 1973, the OCRC did not have jurisdiction to hear the matter, and was not authorized to grant her relief.

In addition, the statute does not purport to make unlawful conduct that took place prior to its effective date.

Finally, under the doctrine of *Love v. Pullman,* even though the EEOC did not refer the charge to the OCRC after the effective date of the amendment to O.R.C. § 4112.02, as it should have under its own internal procedures, and despite the fact that the six month state statute of limitation has passed, the motion must be denied. In *Ferguson v. Kroger,* 545 F.2d 1034 (6th Cir. 1976), the Sixth Circuit ruled that a claimant's right of action was not barred where, although the claimant filed her charge with the EEOC within the 90 day [now 180 day] time limit, the EEOC failed to refer the charge to the Kentucky Commission on Human Rights until after the state 90-day limitation period had passed.

It is a logical extension of *Love* and *Ferguson* for this Court to rule that the EEOC's failure to have referred the charge does not bar the present action. *See* also *Mitchell v. Mid-Continent Spring Co. of Kentucky,* 466 F.2d 24 (6th Cir. 1972). Furthermore, it would be an exercise in futility to require the EEOC to refer the charge now, because the OCRC would rule it untimely.

For the reasons stated, the defendant's motion is denied.