**Mrs. Jane MITCHELL et al., Plaintiffs-Appellants,**

v.

**MID–CONTINENT SPRING COMPANY OF KENTUCKY, Defendant-Appellee.**

**No. 72–1057.**

United States Court of Appeals, Sixth Circuit.

Aug. 11, 1972.

David W. Zugschwerdt, Julia P. Cooper, Equal Employment Opportunity Comm., Washington, D. C., LaVerne S. Tisdale, EEOC, Memphis, Tenn., for EEOC, amicus curiae.

James W. Owens, J. William Graves, of Bryan, Owens & Graves, Paducah, Ky., on brief for plaintiffs-appellants.

William E. Scent, Keith, Scent, Kirkham & Walton, Paducah, Ky., for defendant-appellee; Milburn Keith, Hopkinsville, Ky., on brief.

Before PHILLIPS, Chief Judge, and McALLISTER and O'SULLIVAN, Senior Circuit Judges.

PHILLIPS, Chief Judge.

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging employment and wage discrimination on account of sex. District Judge Rhodes Bratcher granted summary judgment on the ground that Mrs. Jane Mitchell, the plaintiff, failed to exhaust her available State remedies. We agree with the District Court that referral of the charge to Kentucky authorities was required before initiating this action in the District Court, but vacate the order of dismissal and remand for the reasons stated in this opinion.

Mrs. Mitchell was employed by Mid-Continent Spring Company from August 1962 until her discharge in August 1969. In July 1969 Mrs. Mitchell complained to EEOC of unequal wages paid to female employees. On August 11, 1969, she filed a sex discrimination charge with EEOC and was discharged the same day. EEOC notified her on March 13, 1971, of her right to sue under 42 U.S.C. § 2000e. This suit was filed in the District Court on April 12, 1971.

Mrs. Mitchell never filed a charge with the Kentucky Human Rights Commission or the State Commissioner of Labor, and EEOC never referred the matter to any agency of the Commonwealth.

As said by the Supreme Court in Love v. Pullman Co., 404 U.S. 522, 523, 92 S. Ct. 616, 617, 30 L.Ed.2d 679 (1972):

"A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."

One of the required areas of administrative relief is to commence proceedings under State law, when available. 42 U.S.C. § 2000e–5(b) provides as follows:

"(b) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority."

If the employee first files the charge with EEOC instead of with the State agency, it is a sufficient compliance with the statute for EEOC to refer the matter to the appropriate State agency. Love v. Pullman Co., *supra.*

In the present case, it is conceded that Mrs. Mitchell filed no charge with State authorities and that EEOC did not refer the matter to any State agency. EEOC contends that such referral is not necessary, because there is no State agency in

Kentucky with adequate power to grant relief. Judge Bratcher held to the contrary saying:

"KRS 337.423(1) makes it unlawful for an employer to discriminate against employees based on sex 'by paying wages . . . at a rate less than the rate at which he pays any employee of the opposite sex for comparable work on jobs which have comparable requirements relating to skill, effort and responsibility.'

"KRS 337.425 authorizes the Commissioner of Labor to conduct a full investigation involving claims of wage discrimination and to eliminate such unlawful practices by informal methods of conference, emulation and persuasion and to supervise the payment of wages owing an employee.

"KRS 337.427(4) allows the Commissioner, at the employees written request, to institute legal action to collect unpaid wages and KRS 337.-427(6) authorizes the Commissioner on his own motion to petition any court of competent jurisdiction to restrain violation of wage discrimination based on sex and to petition for such affirmative relief as the Court deems proper.

"Alternatively, KRS 337.427(2) allows the aggrieved employee to bring suit herself and to recover not only the lost wages but also the attorneys' fees and costs of the action."

Relief available through Kentucky agencies was broadened by the enactment of House Bill 430 by the 1972 General Assembly of the Commonwealth of Kentucky, effective March 24, 1972, amending KRS §§ 344.010, 344.020, 344.040, 344.050, 344.060, 344.070, 344.080, 344.-100, 344.110, 344.130, 344.200, 344.360 and 344.365.

It is significant that in former EEOC cases in this court originating in Kentucky, EEOC has referred charges to the State authorities before proceeding in the United States District Court. *See, e. g.,* Anderson v. Methodist Evangelical Hospital, Inc., 464 F.2d 723 (6th Cir. 1972); Cooper v. Philip Morris, Inc., 464 F.2d 9 (6th Cir. 1972); Bailey v. American Tobacco Co., 462 F.2d 160 (6th Cir. 1972).

In Crosslin v. Mountain States Telephone & Tel. Company, 422 F.2d 1028 (9th Cir. 1970), the Court of Appeals for the Ninth Circuit held that EEOC was required to refer a charge to the Arizona Civil Rights Commission before seeking relief in a District Court. In that case EEOC contended that Arizona did not have an adequate State statute, just as in the present case it questions the adequacy of the Kentucky statute. The Supreme Court vacated and remanded for reconsideration in light of suggestions contained in the brief of the Solicitor General as amicus curiae. 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618.[1]

The suggestion made by the Solicitor General was as follows:

"The issue of the validity of EEOC's interpretation of Section 706(b) is not, in our view, of sufficient importance to warrant review by this Court at this time. We believe, however, that even if the court of appeals correctly rejected EEOC's interpretation, that court erred in treating the failure to defer to the state agency as a complete bar to judicial relief for the alleged discrimination. We therefore suggest that this Court should grant certiorari for the limited purpose of ordering the case to be remanded to the district court with instructions to retain jurisdiction for a period sufficient to allow petitioner to seek redress through the Arizona Civil Rights Commission."

We follow the procedure in the present case that was adopted by the Supreme Court in *Crosslin.* The judgment

1. In the Arizona case the dissenting opinion of Mr. Justice Douglas and the brief of the Solicitor General state that there are only seven states whose agencies have remedial powers which EEOC finds inadequate. Kentucky is not one of the seven enumerated States.

of the District Court is vacated and the case is remanded with instructions to retain jurisdiction for a period sufficient to allow Mrs. Mitchell or EEOC to seek redress under the procedures authorized by the statutes of Kentucky.

It is clear that Mrs. Mitchell should not lose her cause of action because of the failure of EEOC to refer her complaint to a State agency. Love v. Pullman Co., *supra*, 404 U.S. 522, 92 S.Ct. 616 (1972); Vigil v. American Telephone & Telegraph Co., 455 F.2d 1222 (10th Cir. 1972).

Vacated and remanded.