Harold D. OLIVER, Plaintiff,

v.

William ALLISON, Director, Community Services Administration, Defendant.

Civ. A. No. 77–671.

United States District Court,
D. Columbia.

May 19, 1980.

James M. Fallon, Washington, D. C., for plaintiff.

Charles F. C. Ruff, U. S. Atty., Royce C. Lamberth and Bette E. Uhrmacher, Asst. U. S. Attys., Alfred J. Harris, Community Services Administration, Washington, D. C., for defendant.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on plaintiff's appeal from an adverse decision by United States Magistrate Lawrence Margolis.

Plaintiff asserts that the Magistrate's findings of fact and conclusions of law, dated December 11, 1979, are erroneous and must be reversed. Defendant contends that the Magistrate's findings are sound and further, that plaintiff's notice of appeal is defective. For the reasons set forth below, the Court is persuaded that the Magistrate's judgment is correct.

## I. BACKGROUND.

Plaintiff, Harold Douglas Oliver, is a fifty-five year old black male who was employed as a Community Action Specialist with the Office of Economic Opportunity (OEO), now called the Community Services Administration (CSA). Defendant, William Allison, is the current director of the CSA. Plaintiff was hired as a GS-13 in 1968 and he remained at the OEO until 1970, when he left as a GS-14 on an assignment abroad. He returned to his employment from September, 1972 until March, 1977, when he was removed from the CSA.

Mr. Oliver brings this action under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. He alleges that his removal from the CSA constituted a reprisal for his previous filing of complaints based on racial discrimination. He also claims that he was denied a promotion on account of his race, that he was discriminated against by his supervisor with respect to the conditions of employment, that the CSA engaged in the preselection of a white person who was chosen to fill the position which Mr. Oliver was denied and, finally, that the CSA unlawfully removed Mr. Oliver for insubordination. Defendant has denied all of plaintiff's allegations; it submits that Mr. Oliver was terminated due to his submission of a fraudulent travel voucher and his insubordination which resulted in the deliberate misuse of a government transportation request.

The parties convened before this Court for a status call on July 28, 1978. Based upon representations made to the Court at that status call, the following Order was signed that same day:

ORDERED, that this case be, and the same hereby is, referred to Magistrate Lawrence Margolis, upon consent of the parties, for discovery and trial; the Magistrate to recommend to the Court findings of fact and conclusions of law.

Magistrate Margolis conducted a non-jury trial on April 3, 4, 5 and 6, 1979 and on December 11, 1979, he filed his findings of fact and conclusions of law. The Magistrate found for defendant on all charges, concluding, "The Complaint should be dismissed, and Defendant is entitled to judgment on the merits." On December 20, 1979, plaintiff filed a notice of appeal "pursuant to D.C.D.C.Civ.R. 3-8(b)(2)(8) [sic] from adverse judgment entered . . . on December 11, 1979." On December 21, 1979, Magistrate Margolis entered an order dismissing plaintiff's complaint and entering judgment for defendant on the merits. On May 8, 1980, this Court conducted a hearing in accordance with Federal Rule of Civil Procedure 53(e)(2).

## II. PLAINTIFF'S NOTICE OF APPEAL IS ADEQUATE.

At the outset, the Court must decide whether plaintiff has filed a proper notice of appeal. To perform this task, the Court must examine the relationship between Federal Rule of Civil Procedure 53 and Local Rule 3-8(b)(8). Local Rule 3-8(b)(8) is part of an experimental practice which has allowed magistrates to conduct civil trials; this practice is authorized by 28 U.S.C. § 636(b)(2) & (3), which provide that magistrates may not only act as special masters under Fed.R.Civ.P. 53, but may also "be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3). See S.Rep.No.74, 96th Cong., 1st Sess. 2-4 (1979) U.S.Code Cong. & Admin.News 1979, p. 1469. The Court notes that the success of this experiment has led Congress to codify and replace local rules, like the one in this District, with a new provision in the Federal Magistrates Act. Federal Magistrate Act of 1979, § 2, Pub.L.

No.96–82, 93 Stat. 643; *see* S.Rep.No.74, 96th Cong., 1st Sess. 4 (1979).[1]

Here, the reference to the magistrate for trial requires the magistrate to act, to some extent, as a special master under Fed.R. Civ.P. 53, which provides in pertinent part:

Within 10 days after being served with notice of the filing of the [special master's] report any part may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d).

Fed.R.Civ.P. 53(e)(2). The Federal Magistrates Act, however, also provides, "Each district court shall establish rules pursuant to which the magistrates shall discharge their duties." 28 U.S.C. § 636(b)(4). Pursuant to this statute, the United States District Court for the District of Columbia has enacted Local Rule 3–8(b)(8), which states:

(b) POWERS EXERCISED AT THE REQUEST OF A JUDGE.

In addition to the powers listed in section (a), a magistrates, at the request of a judge to whom the case is assigned, may:

.        .        .        .        .

(8) Conduct trials in civil cases by consent of all parties and with the approval of the judge to whom it is assigned. The stipulation of the parties in such cases shall provide for entry of judgment.

An appeal on the record from a judgment of a United States Magistrate in a civil case tried before the Magistrate, shall be taken to the District Court Judge who made the reference within 10 days after entry of such judgment. An appeal shall be taken by filing with the United States Magistrate, a notice in duplicate stating that the party appeals from the judgment, and by serving a copy of the notice upon the opposing party. The notice of appeal which specifies the party or parties taking the appeal shall designate the order or part

thereof appealed from and shall name the Court and Judge to which the appeal is taken.

The local rule's provision that a party adversely affected by the judgment of the magistrate may enter an appeal designating "the order or part thereof appealed from" is clearly contradictory to Rule 53(e)(2)'s objections and motion procedure. The Court must decide which of the two provisions is controlling in this case.

Defendant submits that the Court's reference to Magistrate Margolis made him a special master under Rule 53. As a result, defendant contends that all of Rule 53, including that portion dealing with motions to the District Court, is controlling. Plaintiff having failed to file the requisite objections and motion, the defendant would have the Court affirm the magistrate's decision after a brief hearing. The Court declines to do so. Although the reference to the magistrate requires that he act, to some extent, as a special master, nowhere does it state that Rule 53 must control all aspects of this case. Indeed, it is instructive that the Court's order of July 28, 1978 fails to mention the words "special master," and that at no time during the status call of that same date were those words spoken by either party. In the absence of a clear intent to have Rule 53 control, the Court must presume that the parties intended to follow the practice set forth in the local rules. Further, local Rule 3–8(b)(8) provides specific guidance for the parties and it must therefore oust the more general procedures of Rule 53 where the two contradict. Of course, where the local rule is silent, the Court must find Rule 53 a valuable source of instruction.

█   Accordingly, it is clear that plaintiff need only comply with Local Rule 3–8(b)(8) in order to perfect his appeal. He has done this by filing an appeal designating Magistrate Margolis's order containing his findings of fact and conclusions of law. Because the local rule requires no more of plaintiff, the Court concludes that this notice of appeal is adequate.

1. These recent amendments are discussed more fully in the text accompanying note 2 *infra*.

Ten days after the magistrate issued his findings of fact and conclusions of law, he entered a judgment dismissing plaintiff's complaint. Plaintiff had filed his notice of appeal from the magistrate's "adverse judgment," i. e., his findings of fact, the day before judgment was·entered and nine days after the findings were issued. Plaintiff submits that the Magistrate's Order of December 21, 1979 is void and should be vacated. Thus, plaintiff claims his notice of appeal is timely. The Court agrees with plaintiff's conclusion, but not his analysis.

■ Local Rule 3–8(b)(8) states that the parties, in their stipulation of reference to the magistrate "*shall* provide for entry of judgment." (emphasis added). Under this rule, the magistrate's power to enter a judgment after a civil trial is inherent in the order of reference. Here, the order neglected to specify that the magistrate could enter judgment, but this omission is not significant. The Court has already indicated that at the time of reference, all parties intended Local Rule 3–8(b)(8) to control and, as a result, they must have intended that the judgment-entering power described in that rule would also control. Accordingly, the Court concludes that Magistrate Margolis properly entered a judgment in this case.

■ Local Rule 3–8(b)(8) further provides that the appeal "shall be taken . . within 10 days after entry of *judgment.*" (emphasis added). Although plaintiff did not file his appeal after entry of judgment, it does not follow that plaintiff's appeal must be dismissed. Plaintiff noticed his appeal nine days after entry of the magistrate's findings of fact and, at that time, plaintiff had no idea when, if ever, the actual judgment would be filed. Plaintiff certainly feared that if he delayed further, he might file outside the 10-day time limit. Although the best course would have been for plaintiff to appeal a second time *after* the entry of judgment, the Court, in the interest of justice, will accept plaintiff's

filing as timely. Fed.R.Civ.P. 6(b); Local Rule 1–1(b). Plaintiff intended to seek review of the magistrate's findings and he acted reasonably by noticing an appeal ten days after the magistrate issued those findings. Defendant received adequate notice of this appeal and was not prejudiced by plaintiff's neglect to file further notice. Accordingly, the Court holds that plaintiff's notice of appeal shall be accepted for filing *nunc pro tunc.*

### III. THE COURT MUST AFFIRM THE MAGISTRATE'S DECISION UNLESS IT FINDS THAT DECISION IS "CLEARLY ERRONEOUS."

■ Before examining plaintiff's appeal, the Court must determine the appropriate standard of review. Neither Local Rule 3–8(b)(8) nor 28 U.S.C. § 636(b) address the standard of review to be applied to an appeal from a civil trial conducted by a magistrate. In the face of this silence, the Court must follow the guidance of Federal Rule of Civil Procedure 53 which states that findings shall be accepted by the court "unless clearly erroneous." Fed.R.Civ.P. 53(e)(2). A magistrate who conducts civil trials acts in several respects as a special master and thus, it is appropriate that his findings receive the same deference as those of a special master.

This result also accords with Congress's recent amendment to the Federal Magistrates Act. The Federal Magistrate Act of 1979 authorizes magistrates to conduct civil trials and provides further that aggrieved parties may appeal directly to the appropriate circuit court of appeals.[2] Federal Magistrate Act of 1979, § 2, Public L.No. 96–82, 93 Stat. 643 (codified at 28 U.S.C. § 636(c)(3)). This appeal shall be "in the same manner as an appeal from any other judgment of a district court." *Id.* Generally, a court of appeals may not set aside a district court's findings of fact "unless clearly erroneous." Fed.R.Civ.P. 52(a); 9 Wright & Miller's Federal Practice and Pro-

2. The Federal Magistrate Act of 1979 is not controlling here because the reference to the magistrate occurred before the new law went into effect. For a good discussion of the new act, see Margolis, U. S. Magistrates Get Broader Powers, 66 A.B.A. Journal 322 (1980).

cedure § 2585 (1971). The policy set forth in the recent additions to the Federal Magistrates Act is a persuasive example of the course this Court should follow in reviewing Magistrate Margolis's findings of fact.

In light of the foregoing, the Court holds that it must accept Magistrate Margolis's findings of fact, unless it finds them clearly erroneous.

## IV. THE MAGISTRATE'S FINDINGS ARE ADEQUATE.

■ Reviewing both the exhibits before the Magistrate and plaintiff's allegations of error, the Court is unpersuaded by plaintiff's claims of error. The Magistrate's decision was not clearly erroneous; indeed, it was based on ample evidence.

Plaintiff's allegations of discrimination are essentially threefold: 1) he was discriminated against by his supervisor, Ira Kaye, in the conditions of his employment; 2) he was discriminated against by Jack Ramsey when he was not selected for a promotion; and 3) he was terminated in reprisal for his previously filed complaints of discrimination.

With respect to the first issue, there was ample evidence to show that Mr. Oliver had a poor work record, that he was not assigned inferior work space, and that he had an outside telephone line. On the second issue, the evidence fully supported the Magistrate's findings that individuals ranked highest by the ranking panel received the promotions sought by plaintiff, and that race was not a factor in plaintiff's failure to receive these promotions. The ranking panel itself was two-thirds black; it rated plaintiff fifth out of nine persons for one promotion and fourth out of four for the other promotion. In addition, the evidence showed that the downgrading of the Supervisory CAP Specialist position was merely designed to make this position conform to government standards; thus, it was not in reprisal for plaintiff's complaints of discrimination. Finally, there existed a sufficient basis in the record for the Magistrate's finding that plaintiff was terminated *solely* for good cause. Prior to plaintiff's

termination, a full hearing, at which plaintiff was represented by counsel, was conducted before an examiner; the examiner found plaintiff had filed an inaccurate travel voucher showing an expenditure in excess of actual costs for lodging. The examiner also concluded that plaintiff had defied the order of a superior to refrain from using a travel order previously issued to him. Plaintiff's firing was later upheld by the Federal Employee Appeals Authority.

In light of the foregoing, the Court concludes that Magistrate Margolis's findings of fact and conclusions of law are supported by substantial evidence. Accordingly, the Court affirms both those findings and the judgment for defendant.

An order in accordance with the foregoing shall be issued of even date herewith.