**Stanley C. YEUNG, Plaintiff,**

v.

**LOCKHEED MISSILES & SPACE COMPANY, INC., a corporation and a subsidiary of Lockheed Corporation, Defendant.**

**No. C–80–0582 SW.**

United States District Court,
N. D. California.

Dec. 10, 1980.

Ernest B. Lageson, Shand S. Stephens, Julia A. Molander, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant Lockheed Missiles & Space Co., Inc.

Stanley C. Yeung, San Jose, Cal., in pro. per.

## OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

SPENCER WILLIAMS, District Judge.

Plaintiff Stanley C. Yeung has brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* claiming that Lockheed Missiles and Space Company ("Lockheed") discriminated against him in his employment and terminated him because of his race.

This case recently came before the court on Lockheed's motion for summary judgment as to claims based on Title VII. Lockheed contended that plaintiff's claims under 42 U.S.C. § 2000e–5(f)(1) are barred by an alleged failure to timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). After careful consideration of the briefs and argument of counsel, the pleadings, affidavits and other evidence in the record, and following a hearing, the court issued an oral order denying the motion. The following constitutes the court's reasons for so ruling and its written order thereon.

### FACTUAL SUMMARY

Stanley C. Yeung, an individual of Chinese descent, was employed by Lockheed as a technician and engineer from August 1972 through May 1978. In his complaint, plaintiff alleges that while employed at Lockheed he was subjected to racial slurs and verbal abuse which ultimately resulted in the wrongful termination of his employment on February 15, 1979.

On October 29, 1979, 256 days after the termination of his employment, Yeung filed a charge with the EEOC. The Commission asserted jurisdiction over Yeung's complaint and on November 29, 1979 concluded that there was no reasonable cause to believe Lockheed acted unlawfully. Plaintiff thereafter filed his complaint with this court on February 28, 1980 alleging *inter alia* that he had been discriminated against on the basis of national origin in violation of Title VII.

At the time plaintiff filed his charges with the EEOC, the Commission had entered into a "Worksharing Agreement" with the California Division of Fair Employment Practices (hereinafter "DFEP") by which the state agency relinquished control over certain discrimination charges so as to reduce its own workload. Pursuant to the Agreement, the DFEP expressly waived any rights granted to it under sections 2000e–5(c) and 2000e–5(e) of Title VII to have the exclusive opportunity to initially review charges of employment discrimination.

### LEGAL STANDARDS

42 U.S.C. § 2000e–5(e) requires that an aggrieved party file a charge of discrimination with the EEOC within 300 days if the alleged unlawful employment practice took

place in a state which has a law prohibiting employment discrimination (a "deferral state").[1] Section 2000e–5(c) further provides that no charge may be filed with the Commission before the expiration of sixty days after proceedings have been commenced in the appropriate state agency unless the state proceedings have been earlier terminated.

■ These provisions make it plain that if a complainant files later than 240 days (but not more than 300 days after the practices complained of) his right to such relief under Title VII will be preserved if the state completes its consideration of the charge prior to the end of the 300-day period.[2]

When a charge is initially filed with the EEOC, the Commission holds it in 'suspended animation' automatically filing it upon completion of the state agency's proceedings in the case.[3] The complaint is not deemed filed until the earlier of (1) the termination of the state agency's proceedings or (2) the expiration of sixty days after the initiation of the state's proceedings.

## DISCUSSION

Plaintiff lodged his charges with the EEOC on October 29, 1979, 256 days after he was discharged from employment. Lockheed contends that Yeung's filing was untimely because the Commission was required to defer to the state agency for sixty days before it could deem the charges "filed." Absent an earlier termination of state proceedings, this deferral period would not have elapsed until after the 300th day had passed.

■ The question presented, therefore, is whether the state's waiver of exclusive rights to process these charges "terminates" its proceedings for purposes of determining when a complaint is deemed filed with the EEOC. The court concludes that it does.

■ The deferral provisions contained in Title VII were intended to provide state and local agencies with information of employment discrimination complaints and afford them the limited opportunity for initial resolution.[4] In *Mohasco Corp. v. Silver*, —— U.S. ——, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Supreme Court summarized the purpose of the deferral provision of Title VII: "[T]o give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated."[5] The EEOC, therefore, is required to stay its hand only so long as the state agency is actively involved in processing the charges.

The deferral provisions of Title VII find no application in this case. The California agency (DFEP) relinquished its control over Mr. Yeung's charges when it entered into the Worksharing Agreement.[6] In signing the Agreement, the DFEP stated that it was waiving its right to process certain claims because it was burdened with a heavy caseload.[7] Since the reason for the deferral period is to offer state agencies the initial opportunity to operate without federal intervention, the DFEP clearly could agree to waive the statutory period and thereby "terminate" its proceedings.

1. Both parties recognize that California is such a state. *See* California Labor Code § 1410 *et seq.*

2. *Mohasco Corp. v. Silver*, —— U.S. ——, —— n.16, 100 S.Ct. 2486, 2491 n.16, 65 L.E.2d 532, 541 n.16.

3. *See Love v. Pullman*, 404 U.S. 522, 526, 92 S.Ct. 616, 618–619, 30 L.Ed.2d 679 (1972).

4. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755–56, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).

5. *Id.* at —— U.S. —— at 100 S.Ct. 2494, 65 L.Ed.2d 541.

6. The Worksharing Agreement attached as Exhibit A of defendant's motion for summary judgment reads at ¶ III(c):

"In order to facilitate early resolution of these charges, the DFEP waives the rights granted to it under section 2000e–5(c) and 2000e–5(d) of Title VII to have an exclusive opportunity to resolve for a period of 60 days, the charges assigned to the EEOC."

7. Worksharing Agreement at ¶ III(a).

The result in this case is that Mr. Yeung's filing with the EEOC on the 256th day simultaneously initiated state proceedings and invoked the waiver provisions of the Worksharing Agreement. The charges, therefore, were timely filed for purposes of filing suit in this court.

■ The conclusion reached herein is entirely consistent with the strong federal policy in ensuring that employment discrimination is redressed. Courts have resisted any temptation to require technical precision of Title VII plaintiffs who often proceed without counsel.[8] Absent express statements to the contrary, therefore, a state agency's waiver of the deferral period effectively terminates all state involvement in the case.

Defendant advances the additional argument that there was no Worksharing Agreement in effect during October 1979 when plaintiff filed his charges and therefore a sixty day deferral period was mandatory. While defendant points out that the two relevant agreements leave an apparent gap during the month of October, it is altogether uncertain what governed the working relationship between the EEOC and the DEFP at that time.

When the court considers a motion for summary judgment, it must resolve all ambiguities and draw all inferences in favor of the party against who summary judgment is sought.[9] Applying this rule to the present case, there is clearly a genuine issue as to the applicability of the Worksharing Agreement to Mr. Yeung's complaint. Defendant concedes that the EEOC and the DEFP "treated Yeung's charge as if it were covered by the Worksharing Agreement" and so indicated in transferring responsibility for the case to the federal agency. Therefore, this issue is inappropriately dealt with in a motion for summary judgment.

CONCLUSION

Plaintiff filed his charges with the EEOC on the 256th day after the alleged unlawful employment practice occurred. Pursuant to the Worksharing Agreement, the state agency waived its allowed deferral period and thereby terminated its proceedings in the case. The charges were therefore timely with the EEOC. Accordingly, Lockheed's motion was denied.

---

**8.** _See Oscar Mayer & Co. v. Evans_, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); _Egelston v. State University College at Genesco_, 535 F.2d 752, 754 (2d Cir. 1976).

**9.** _United States v. Diebold, Inc._, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).