UNITED STATES of America, Plaintiff,

v.

BERRIEN COUNTY, MICHIGAN, and Berrien County Health Dept., Defendants.

No. K85–581 CA.

United States District Court, W.D. Michigan, S.D.

Nov. 23, 1987.

Edwin Meese, III, Atty. Gen. by William Bradford Reynolds, Asst. Atty. Gen., Civil Rights Div., Room 4257, U.S. Dept. of Justice, Washington, D.C., John A. Smietanka, U.S. Atty. for W.D. Michigan by Daniel M. LaVille, Asst. U.S. Atty., Grand Rapids, Mich., for plaintiff.

Paul L. Maloney, St. Joseph, Mich., for defendants.

## OPINION

BENJAMIN F. GIBSON, District Judge.

### INTRODUCTION

Presently pending in this action is defendant Berrien County's motion to dismiss the United States of America's ("Government") complaint. In support of its motion, Berrien County claims that the deferral provisions of Title VII have not been satisfied. According to defendants, before the Government can bring a Title VII race discrimination claim in federal court, there must be a filing of discrimination with the appropriate state agency.

### FACTS

Mary Hawkins claims that defendants discriminated against her on the basis of race in rejecting her for employment as a health educator. She had been informed that she would not be hired on March 30, 1984. Ten days after being informed of the decision, she filed a charge of discrimination with the Berrien County Health Department. Mary Hawkins filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 7, 1984. She did not file a charge with the Michigan Department of Civil Rights ("MDCR") before going to the EEOC.

The EEOC, however, processed the charge pursuant to a Worksharing Agreement with the MDCR and found reasonable cause to believe that there was discrimination. After an unsuccessful attempt to resolve this matter, it was referred to the Civil Rights Division of the Department of Justice. Thus, the United States is the plaintiff on behalf of Mary Hawkins, and it filed this action with this Court on December 24, 1985.

### LAW

This complaint alleges a violation of Section 706 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5). Since the State of Michigan has enacted a state law prohibiting the unlawful employment practice alleged, the state civil rights agency, in this case the MDCR, must be given an opportunity to process the charge before the EEOC intervenes. 42 U.S.C. § 2000e-5(c).

Section 2000e-5(c) of 42 U.S.C. further states:

> [N]o charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, . . . .

The Supreme Court has held that the EEOC may institute state proceedings on behalf of the plaintiff, suspend its own proceedings and refile them automatically upon the termination of state proceedings. *Love v. Pullman*, 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972). The Title VII regulations, in addition, provide that upon termination or a passing of 60 days after a commencement of state proceedings, a complaint shall be refiled automatically with the EEOC. 29 C.F.R. 1601.-13(b)(1), (2)(iii).

■ Here, however, the EEOC processed the charge pursuant to a Worksharing Agreement between the MDCR and the EEOC. Under these Worksharing Agree-

ments, the MDCR waives its right to initial processing under the agreement when a charge is originally filed with the EEOC. EEOC regulations sanction these worksharing agreements. 29 C.F.R. 1601.13(c). These regulations are entitled to "great deference." *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158 (1971). Moreover, these agreements have been upheld as consistent with the deferral provisions of Title VII. *Isaac v. Harvard University*, 769 F.2d 817 (1st Cir.1985); *Thompson v. International Association of Machinists*, 580 F.Supp. 662 (D.D.C.1984); *Douglas v. Red Carpet Corp. of America*, 538 F.Supp. 1135 (E.D. Pa.1982); *Gunn v. Dow Chemical Co.*, 522 F.Supp. 1172 (S.D.Ind.1981); *Yeung v. Lockheed Missiles and Space Co.*, 504 F.Supp. 422 (N.D.Calif.1980); *Cattell v. Bob Frensley Ford, Inc.*, 505 F.Supp. 617 (M.D.Tenn.1980); *Morgan v. Sharon Board of Education*, 445 F.Supp. 142 (W.D.Pa.1978).

In *Isaac*, the First Circuit held that when a state civil rights agency waives its right to initial processing of a discrimination charge pursuant to a worksharing agreement, there is a "termination" of state proceedings satisfying the deferral provisions of 42 U.S.C. § 2000e–5(c). *Isaac*, 769 F.2d at 822–824. In this case, Hawkins filed a charge of discrimination with the EEOC on September 7, 1984. The EEOC immediately sent the charge to the MDCR. On September 12, the MDCR waived its right to initially process the charge pursuant to the worksharing agreement. Under *Isaac*, MDCR's waiver constitutes a "termination" of MDCR proceedings and satisfies the deferral provisions of Title VII.[1]

█ The Court finds the analysis contained in *Isaac* persuasive and adopts it insofar as it applies to this case. Alternatively, it should be noted that the Tenth Circuit has interpreted the language of 42 U.S.C. § 2000e–5(c) contrary to that of *Isaac*. *E.E.O.C. v. Commercial Office Products*, 803 F.2d 581, 587 (10th Cir.1986),

cert. granted, —— U.S. ——, 107 S.Ct. 3208, 96 L.Ed.2d 695 (1987). The Court finds, however, that even if this interpretation was correct, plaintiff has satisfied the statutory deferral provisions.

In *Commercial Office Products*, the Tenth Circuit announced that when a state agency waives its initial processing rights under a worksharing agreement with the EEOC, there is no termination of state proceedings under 42 U.S.C. § 2000e–5(c). *Commercial Office Products*, 803 F.2d at 587. The Supreme Court has recently granted certiorari on this issue to resolve the split between the circuits. —— U.S. ——, 107 S.Ct. 3208, 96 L.Ed.2d 695 (1987).

Before a plaintiff can file a charge of discrimination with the EEOC, one of two conditions must be satisfied:

1) state proceedings must have been terminated

2) 60 days must have expired since state proceedings were commenced

In *Commercial Office Products*, the plaintiff filed a charge of discrimination with the EEOC 289 days after receiving notice of the discriminatory act. Since the court in *Commercial Office Products* held that there had been no termination of state proceedings, the plaintiff failed to meet the first condition under 42 U.S.C. § 2000e–5(c). *Commercial Office Products*, 803 F.2d at 587. However, the court proceeded to analyze the second condition, finding that since the charge had been filed on the 289th day, the deferral provision lasted until the 349th day. *Commercial Office Products*, 803 F.2d at 591. The Tenth Circuit then ruled that since the deferral period expired after 300 days, plaintiff's filing was untimely under 42 U.S.C. § 2000e–5(c). *Id.*

Under the second condition of 42 U.S.C. § 2000e–5(c), a commencement of state proceedings triggers the 60–day deferral period. At the end of that period, a complainant may file a charge with the EEOC. In

---

**1.** Under this holding, Hawkins' complaint would be timely because she filed on the ʲ61st day. Five days later, the MDCR waived its right to initial processing of the charge pursuant to

the worksharing agreement. Thus, the deferral provisions were satisfied on the 166th day and the EEOC could refile it automatically at that time.

order to determine the end of the deferral period, the court in *Commercial Office Products* added 60 days from the time the state agency waived its right to initially process the charge. *Commercial Office Products*, 803 F.2d at 591. Thus, the court implicitly found, at least, that the state's waiver of initial processing pursuant to a worksharing agreement constitutes a commencement of the state proceedings. Even under *Commercial Office Products*, waivers of initial processing under worksharing agreements satisfy the deferral provisions of 42 U.S.C. § 2000e–5(c).[2]

The Court is of the opinion that the case of *Isaac v. Harvard University*, 769 F.2d 817 (1st Cir.1985), convincingly demonstrates that plaintiff has fulfilled the deferral provisions of 42 U.S.C. § 2000e–5(c). Even under *Commercial Office Products*, 803 F.2d 581 (10th Cir.1986), plaintiff has met the requirements of the deferral provisions. Accordingly, defendant's motion to dismiss is denied.

---

**2.** In the present case, plaintiff filed a charge with the EEOC well within 240 days of learning of the alleged discriminatory act. In fact, plaintiff filed this charge 161 days after learning that she would not be hired. Thus, the 60–day deferral period under *Commercial Products* ended on day 221, under the 300–day limitations period provided in 42 U.S.C. § 2000e–5(e). Consequently, even under the authority of *Commercial Office Products*, Hawkins' charge of discrimination was filed in a timely fashion.