**Carole Patricia ROBERTS,
Plaintiff-Appellant,**

v.

**ARIZONA BOARD OF REGENTS,
Defendant-Appellee.**

No. 79–3466.

United States Court of Appeals,
Ninth Circuit.

Argued March 10, 1981.

Submitted Aug. 4, 1981.

Decided Nov. 16, 1981.

Rehearing Denied Jan. 22, 1982.

Ronald J. Logan, Logan & Aguirre, Phoenix, Ariz., for plaintiff-appellant.

Stephen Smith, Asst. Atty. Gen., Phoenix, Ariz., for defendant-appellee.

Before WALLACE and NORRIS, Circuit Judges, and GRANT,* District Judge.

NORRIS, Circuit Judge:

Roberts appeals from the district court's grant of summary judgment for appellee Arizona Board of Regents [Board] in her suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The court held that (1) Roberts' claim of retaliatory discharge was barred for failure to meet the jurisdictional prerequisites of Title VII or to be timely asserted; (2) all allegations of sex discrimination based on events which occurred prior to June 1, 1975 were barred by Title VII's time limitations provision, § 706(e); and (3) the Board was entitled to summary judgment on all of the non-time barred allegations. 477 F.Supp. 28. We affirm in part and reverse in part.

I.

Roberts commenced employment with the Department of Police at Arizona State University on July 6, 1970. On September 10, 1975, while still employed by the Department of Police, Roberts attempted to file with the Equal Employment Opportunity Commission [EEOC] a charge of discrimination on the basis of sex in wages, training, qualifications, testing, promotions, job assignments, seniority, job classification and job advertisement. On November 28, 1975, Roberts filed a similar charge with the Arizona Civil Rights Division [ACRD]. The ACRD closed its investigation of her charge on October 25, 1976, and on November 10, 1976 Roberts filed her complaint in district court. On April 7, 1977, the Department of Police terminated Roberts' employment. On February 28, 1978, Roberts filed a motion to amend her complaint to add a claim of retaliatory discharge, but withdrew the

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern and Southern Districts of Indiana, sitting by designation.

motion on November 17, 1978. On May 30, 1979, six days after the Board had filed a motion for summary judgment, Roberts again sought to add a claim of retaliatory discharge. On July 6, 1979, the district court granted the Board's motion for summary judgment.

## II.

The district court held that it lacked jurisdiction to consider Roberts' claim of retaliatory discharge because it was not the subject of a timely charge to the EEOC and was not like or reasonably related to her prior charge to that agency. The court held, additionally, that even if the court had jurisdiction over the retaliatory discharge claim, Roberts would be estopped to assert the claim because of her delay in raising it.

■ A district court's denial of leave to amend pleadings [1] may be reversed only for an abuse of discretion. Ordinarily, leave to amend pleadings should be granted—regardless of the length of time of delay by the moving party—absent a showing of bad faith by the moving party or prejudice to the opposing party. See United States v. Webb, 655 F.2d 977 (9th Cir. 1981); Howey v. United States, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

■ Here the district court made a specific finding of prejudice to the opposing party, noting that the retaliatory discharge issue was raised at the eleventh hour, after discovery was virtually complete and the Board's motion for summary judgment was pending before the court. Based on the record before us, we cannot say that it was an abuse of the district court's discretion for it to refuse to permit Roberts to add the retaliatory discharge claim. Because we affirm the district court on this ground, we

need not consider the question whether the retaliatory discharge claim, if timely raised in district court, would have been within the court's jurisdiction as a claim "like or reasonably related to" the claims raised by Roberts in her charge to the EEOC. See Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973).

## III.

■ The district court held that Roberts' charge was effectively filed with the EEOC 120 days after she filed the charge with the Arizona Civil Rights Division. Given Roberts' November 28, 1975 filing with the ACRD, the effective EEOC filing date would have been March 28, 1976.[2] The district court held that claims based on events occurring more than 300 days prior to the effective EEOC filing date are barred by Title VII's statute of limitations, § 706(e), 42 U.S.C. § 2000e–5(e). Thus the court deemed barred all of Roberts' allegations based on events occurring prior to June 1, 1975.

Mohasco Corp. v. Silver, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), supports the district court's rejection of Roberts' contention that her attempted filing with the EEOC on September 10, 1975 created an effective filing date from which to calculate the 300-day actionable period. In Mohasco, the private plaintiff brought his charge to the EEOC 291 days after the alleged incident occurred. The EEOC, pursuant to its own procedural regulations, referred the charge to the New York State Division of Human Rights, the designated state deferral agency. The Mohasco Court held that because § 706(c) of the statute, 42 U.S.C. § 2000e–5(c), prohibits the filing of a charge with the EEOC until the expiration of the

1. Roberts raised the issue of retaliatory discharge not by a renewed motion for leave to amend her pleadings (an earlier motion was withdrawn by Roberts) but rather by her response to defendant's interrogatories. For the purposes of this appeal, we will treat the attempted addition as a renewed motion for leave to amend, and the court's estoppel holding as a denial of leave to amend.

2. When a charge is brought to the EEOC in a state where a deferral agency exists, the EEOC may, after referring the charge to the state agency, hold the charge in "suspended animation" until the deferral period expires, and thereupon treat it as automatically filed with the EEOC. See Love v. Pullman Co., 404 U.S. 522, 525–26, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972).

applicable period of deferral to a state agency, the attempted filing with the EEOC on day 291 was insufficient to bring plaintiff Silver within Title VII's 300-day statute of limitations in states with deferral agencies.[3]

■ Ordinarily our inquiry would here be at an end. After *Mohasco*, it is clear that a claim prematurely brought to the EEOC and therefore referred by it to a state deferral agency is effectively filed with the EEOC only upon the expiration of the deferral period. From this, a court need only count back 300 days to determine the actionable period. The district court did precisely this. The determination of the actionable period is complicated here, however, by the apparent failure of the EEOC to refer Roberts' charge to the state agency, in violation of its own procedural regulations. As the district court observed, "[t]he EEOC could have forwarded the plaintiff's charge to the Arizona Civil Rights Division.... That would have created an effective filing date." Had the EEOC done so when Roberts attempted to file the charge on September 10, 1975, as its regulations require, the charge would have been automatically filed with the EEOC when the deferral period expired 120 days later on January 7, 1976. *See Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *see also* note 1 *supra.*

The EEOC's procedural regulations in 1975 provided that "[a]ny document whether or not verified, received by the Commission as provided in § 1601.7, which may constitute a charge cognizable under Title VII, shall be deferred to the appropriate [§ 706(c)] agency...." 29 C.F.R. § 1601.-12(b)(1) (1975). The state deferral period was deemed to have commenced at the time notice of the charge was mailed to the state agency. 29 C.F.R. § 1601.12(b)(1)(iv) (1975).

The district court held, however, that the EEOC failed to refer Roberts' charge to the ACRD. While we do not view the evidence in the record as compelling,[4] we are unwilling to deem the district court's finding of fact to be clearly erroneous. Fed.R.Civ.P. 52(a). We are similarly unwilling to allow the EEOC's violation of its own procedural regulations to redound to Roberts' detriment. In approving the EEOC's policy of referring charges to a state agency and deeming them automatically filed with the EEOC upon the expiration of the deferral period, the *Love* Court observed that there is

> no reason why further action by the aggrieved party should be required. The procedure complies with the purpose of [§ 706(c)], to give state agencies a prior opportunity to consider discrimination complaints, and of [§ 706(e)], to ensure expedition in the filing and handling of those complaints.... To require a second "filing" by an aggrieved party ... would serve no purpose other than the creation of an additional procedural technicality. Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.

404 U.S. at 526–27, 92 S.Ct. at 618–19 (footnote omitted). To require a plaintiff like Roberts to protect herself against the EEOC's possible violation of its own regulations by simultaneously filing a charge with the appropriate state agency would be

---

**3.** The district court correctly applied a 120-day deferral period in calculating the effective EEOC filing date rather than 60 days as in *Mohasco.* Under § 706(c), the required period of deferral to a state agency is 120 days during the state agency's first year of authority, and Roberts filed with the ACRD during the first year in which it was recognized as a state deferral agency for the purposes of § 706(c). *See* 40 Fed.Reg. 8818 (1975); *Heineger v. City of Phoenix*, 625 F.2d 842, 845 n.6 (9th Cir. 1980).

**4.** The only evidence before the court was the affidavit of Arthur Garcia, the Director of the ACRD. Garcia's affidavit states that:

> He has reviewed the agency files including the original charge.... Our records disclosed that Ms. Carole Patricia Roberts' charge was taken by an investigator ... on November 28, 1975 and officially filed on December 1, 1975.
> Our records contain a copy of the EEOC charge.... A search of our records failed to locate a record of deferral but our records for that time period are incomplete.

wholly inconsistent with the rationale of *Love.*

We conclude, therefore, that the state deferral period must be deemed to have begun on September 10, 1975, the date on which the EEOC was bound by its regulations to refer the charge to the ACRD. Accordingly, the 120-day deferral period expired on January 7, 1976, and the EEOC charge is deemed to have been effectively filed on that date. Applying the 300-day limitations period of § 706(e), the actionable period extends back to March 15, 1975, not to June 1, 1975, as the district court ruled.

Our conclusion is consistent with the remedial goals of the statute, considerations of equity, and the Supreme Court's express rejection of second filings as an unnecessary procedural technicality which may ensnare unsophisticated lay plaintiffs. Moreover, it finds support in the case law. The Fifth Circuit has observed that "[t]he action or inaction of the EEOC cannot affect the grievant's substantive rights under the statute." *Miller v. International Paper Co.,* 408 F.2d 283, 290–91 (5th Cir. 1969). In *Ramirez v. National Distillers & Chemicals Corp.,* 586 F.2d 1315 (9th Cir. 1978), we quoted *Miller* with approval, concluding that "it is doubtful that a procedural error committed by the EEOC could bar a plaintiff's right to pursue a Title VII claim." 586 F.2d at 1320. Moreover, this Court has emphasized its "refus[al] to allow technical non-compliance with the procedural intricacies of section 706 to deprive a plaintiff of his opportunity for judicial vindication of his rights." *Heiniger v. City of Phoenix,* 625 F.2d at 844.

The case before us is very similar to *White v. Dallas Independent School District,* 581 F.2d 556 (5th Cir. 1978) (en banc). In *White,* the district court dismissed the plaintiff's claim for lack of jurisdiction because she had failed to exhaust her state remedies. There had been no filing with or referral to the state agency charged with enforcing the Texas anti-discrimination statute. Both the plaintiff and the EEOC argued that the EEOC's failure to defer the charge should not be chargeable to the plaintiff—that she should not be penalized for the federal agency's failure to follow its own rules.

The Fifth Circuit, sitting en banc, agreed: "the EEOC's failure to follow its own regulations ... should not redound to [the plaintiff's] detriment." 581 F.2d at 562. Emphasizing that Ms. White had not engaged in dilatory tactics, *id.* at 563, the court held that the action was not barred. *See also Zambuto v. American Tel. & Tel. Co.,* 544 F.2d 1333, 1336 (5th Cir. 1977) ("we will not visit the effects of EEOC's erroneous practice on [the plaintiff]"); *Taylor v. Pacific Intermountain Express Co.,* 394 F.Supp. 72 (N.D.Ill.1975) (equitable considerations require that plaintiff's failure to file suit within time limitations does not bar his suit where EEOC misled plaintiff into delay).

Our discussion is not a mere academic exercise. Six of Roberts' allegations held barred by the district court are based upon incidents alleged to have occurred on or after March 15, 1975, and thus would be timely if Roberts' charge had been promptly deferred by the EEOC. Accordingly, the district court's dismissal of allegations 2 (May 29, 1975), 10 (April 23, 1975), 11 (May 7, 1975), 14 (May 29, 1975), 15 (May 25, 1975), and 18 (July 1970–May 29, 1975) is vacated. We emphasize that we express no opinion as to the merits of any of these allegations. We simply hold that, on the specific facts before us, Roberts is not barred from obtaining a judicial determination of the merits of these six allegations.

We affirm the district court's dismissal of allegations 1, 4, 6, 8, 9, 12, 13, and 19. Each of these is based upon incidents alleged to have occurred prior to March 15, 1975, and each is thus barred by the statute of limitations.

### IV.

The district court granted the Board's motion for summary judgment on allegations 3, 5, 7, 16, 17, and 20–25. After carefully reviewing the record, we agree with the district court that summary judgment for the defendant on these allegations was appropriate.

We AFFIRM in part and REVERSE in part, and REMAND the case to the district court for further proceedings not inconsistent with this opinion.