**Anna PENK, et al., Plaintiffs,**

v.

**OREGON STATE BOARD OF HIGHER EDUCATION, Defendant.**

**Civ. No. 80–436.**

United States District Court,
D. Oregon.

Aug. 12, 1982.

See also, D.C., 99 F.R.D. 500, D.C., 99 F.R.D. 501, D.C., 99 F.R.D. 508.

Don S. Willner, JoAnn G. Reynolds, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiffs.

David B. Frohnmayer, Atty. Gen., James J. Casby, Jr., Asst. Atty. Gen., Eugene, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge:

This matter is before the court on plaintiffs' motions to reconsider the date of the class and to change the definition of the class.

### CLASS DATE

The Ninth Circuit has not been consistent on the issue of retroactive application of *Mohasco v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). *Cf. William v. Owens-Illinois, Inc.,* 665 F.2d 918, 924 n. 2 (9th Cir.1982) and *Wiltshire v. Standard Oil Co. of California,* 652 F.2d 837 (9th Cir.1981) with *Roberts v. Arizona Board of Regents,* 661 F.2d 796, 798–99 (9th Cir.1981). Therefore, this court will simply adhere to its prior ruling on the date of the class.

### CLASS DEFINITION

The class is currently defined as all "full-time" women faculty members. The plaintiffs move to change this definition to all women faculty members who have worked .50 FTE (Full Time Equivalency) or more. The defendant argues that the class should continue to be defined as "full-time" women faculty members, and that "full-time" should be defined to include .95 FTE at Oregon Health Sciences University (OHSU) and .90 FTE at Portland State University (PSU).

Both parties rely on the recent Supreme Court case of *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In that case, one named plaintiff who alleged discrimination in regard to promotion on the basis of national origin sought to represent all Mexican-Americans who were employed by or had applied for employment with the defendant and who had been discriminated against in promotion or hiring. *Id.* at 151, 102 S.Ct. at 2367–68. The Court held that the plaintiff could not maintain a class action on behalf of Mexican-American applicants who were not hired.

The Court stated that the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a), " 'limit class claims to those

fairly encompassed by the named plaintiff's claims.'" *Id.* at 156, 102 S.Ct. at 2370, *quoting General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). The class representative must "possess the same interest and suffer the same injury as the class members." *Id.*

Here, the named plaintiffs claim discrimination on the basis of sex in regard to pay, promotion, tenure, professional duties, sabbatical leaves, grant application support, adjunct appointments, appointments to administrative and decisionmaking positions, salary support, and grievance mechanisms. The plaintiffs claim that .50 FTE to .99 FTE women faculty members are discriminated against in the same ways, particularly in regard to pay, promotion, and tenure. Thus, the named plaintiffs possess the same interest and claim to suffer the same injuries as these part-time women faculty members. Their claims are fairly encompassed by the named plaintiffs' claims.

In *Falcon,* the Supreme Court further held that an individual claim of discriminatory treatment alone does not demonstrate a policy and practice of discrimination sufficiently to support a class action. *Id.* at 157–58, 102 S.Ct. at 2370–71. An individual cannot expand his claim into a class action merely on the basis of his unsupported allegation that the defendant has a policy and practice of discrimination. He must provide some evidence that his injury is typical of injuries suffered by others, and that there will be questions of law or fact in common between his claims and those of the members of the class.

In this case, in the order certifying the class, this court found that plaintiffs had produced sufficient evidence of a pattern and practice of discrimination to meet the requirements of commonality and typicality. Plaintiffs now allege that .50 to .99 FTE women faculty members are subject to the same pattern and practice of discrimination. Thus, the evidence already submitted is sufficient to show that there will be common questions of law or fact between the class representatives' claims and those of the .50 to .99 FTE women faculty members, and that the class representatives' claims are typical of those of .50 to .99 FTE women faculty members.

Furthermore, it appears that the term "full-time" has no significant or uniform meaning within the Oregon State Board of Higher Education. In its Financial Administration Standard Operating Manual, a position is "full-time" if budgeted at 100 percent of the full-time rate, except at OHSU, where it is full-time if budgeted at 90 percent of the full-time rate. For purposes of the Higher Education Staff Information Report EEO–6 to the EEOC, "full-time" is defined at 1.00 FTE, except at PSU where it is .90 FTE, and at OHSU where it is .80 FTE. For purposes of the Higher Education General Information Survey of the Department of Education, "full-time" is defined in another different way. *See* Defendant's Memorandum Opposing Plaintiffs' Motion to Change or Clarify the Definition of the Class at 5–6. For purposes of this litigation, defendants want to define the class as 1.00 FTE, except at OHSU where it should be .95 FTE, and except at PSU, where it should be .90 FTE.

It appears that the significant dividing line is .50 FTE. At all institutions that have collective bargaining contracts, the bargaining units are divided between .50 FTE or more faculty members, and less than .50 FTE faculty members. The Oregon Administrative Rules on tenure treat .50 FTE faculty members in the same manner as full-time faculty members. *See* OAR 580–21–100 to 580–21–140.[1] Full-time faculty and .50 FTE faculty are eligible for sick leave and health benefits in the same manner. At least at Portland State University, less than .50 FTE faculty are paid by the course. *See* Danielson Affidavit at

---

1. The defendant points out that part-time faculty members receive tenure at the FTE level specified in the notice of appointment for the year indefinite tenure is to become effective. That has no significance in this litigation. The standards of performance and scholarly quality upon which the tenure decision is based are the same for part-time and full-time teachers. OAR 580–21–105.

1. Membership in most faculty senates requires no particular level of FTE, except at Southern Oregon State College which requires .50 FTE, and Western Oregon State College which requires .50 FTE. The only real differences pointed out by defendant are that only full-time faculty members are prohibited from having outside employment, OAR 580–21–025, and only full-time faculty members are entitled to sabbaticals. OAR 580–21–205.

THEREFORE, IT IS HEREBY ORDERED that plaintiffs' motion to reconsider the date of the class is DENIED, and the plaintiffs' motion to change the definition of the class to include women faculty members who have worked .50 FTE or more is GRANTED.