2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William BIGGS; Sam Stephens; Marty Cohen, et al.,
Plaintiffs/Cross-Appellees-Cross-Appellants.
v.
Pete WILSON, Governor; Kathleen Brown; Gray Davis,
Defendants/Cross-Appellants-Cross-Appellees.
 Nos. 92-15334, 92-15936.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1993.
Decided Aug. 12, 1993.
 
 Before: REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 * This appeal presents issues arising from a dispute originating in the 1991 budget crisis in California.[1] Plaintiffs William Biggs and five other named plaintiffs, representing a class of highway maintenance workers employed by the state of California's Department of Transportation (collectively "Biggs"), sued the Governor, Treasurer, Controller, and Transportation Director of California (collectively "Wilson") under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201-219 (1988). Biggs alleged the failure to pay the plaintiff-employees on July 16, 1990, a regular payday, was a violation of an implied "prompt payment" requirement found in the FLSA. The district court agreed, but refused to award liquidated damages to the plaintiffs.
 
 
 2
 On appeal, Biggs contends the district court erred in (1) denying his request for additional discovery pursuant to Fed.R.Civ.P. 56(f); (2) denying his motion for relief from the Pretrial Scheduling Order pursuant to Fed.R.Civ.P. 16(b); and (3) denying his motion to amend the complaint pursuant to Fed.R.Civ.P. 15. We affirm.
 
 II
 
 3
 Biggs argues the district court erred in denying his request for additional discovery pursuant to Fed.R.Civ.P. 56(f) concerning the issue of liquidated damages. We review a denial of a Rule 56(f) application under the abuse of discretion standard. Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986).
 
 
 4
 Under Rule 56(f), a party may apply for a continuance of the proceedings to permit further discovery. Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1467 (9th Cir.1985) (footnote omitted), cert. denied, 475 U.S. 1048 (1986). Rule 56(f) provides:
 
 
 5
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other orders as is just.
 
 
 6
 "Rule 56(f) requires affidavits setting forth particular facts expected from the movant's discovery. A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact. Fed.R.Civ.P. 56(e), (f)." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523-24 (9th Cir.1989) (internal citations omitted). "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986); see also Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) ("An opposing party has the burden under Rule 56(f) to show what facts she hopes to discover to raise an issue of material fact. An affidavit by counsel which does not do so fails to meet the requirements of Rule 56(f)." (citations omitted)).
 
 
 7
 A Rule 56(f) motion must "be made prior to the summary judgment hearing." Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir.1990). "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc., 790 F.2d at 1443. Furthermore, "[a] movant cannot complain if it fails diligently to pursue discovery before summary judgment." Mackey, 867 F.2d at 524.
 
 
 8
 In this case, we conclude the district court did not abuse its discretion in denying Biggs's Rule 56(f) motion for several reasons. First, a review of the record shows Biggs never made a proper Rule 56(f) motion. Biggs initially mentioned a need for further discovery in his memorandum entitled "Plaintiffs' Opposition to Motion for Summary Judgment or Summary Adjudication" filed September 6, 1991. Biggs again mentioned the need for additional discovery in a second memorandum filed September 16, 1991. Finally, at the September 23, 1991, hearing on the motions for summary judgment, Biggs argued that additional discovery was necessary. Taken together, these three events do not constitute a proper Rule 56(f) motion. See Brae Transp., Inc., 790 F.2d at 1443 (holding that pursuing additional discovery through a party's Memoranda in Opposition to Summary Judgment, its Declarations in Opposition to Summary Judgment, its oral argument, and its post-judgment motions was insufficient to constitute a proper Rule 56(f) motion). Moreover, Biggs fails to point out any affidavits which either explain his need for or set forth particular facts expected from additional discovery.
 
 
 9
 Second, even if the district court had allowed Biggs to make a Rule 56(f) motion at the hearing on the motions for summary judgment, that motion would have been untimely. Ashton-Tate, 916 F.2d at 520. Such a motion must be made prior to the hearing on the motions for summary judgment, because, as the court has explained, "the process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make a ruling has passed." Id.
 
 
 10
 Third, despite his arguments to the contrary, Biggs was dilatory in raising the issue of additional discovery. Biggs concedes he first learned Wilson was seeking summary judgment on the issue of liquidated damages through Wilson's motion for summary judgment filed July 30, 1991, two months prior to both the hearing on the motion and the completion date for discovery. Even though he had two months to do so, Biggs neither sought discovery of additional facts from Wilson nor made a proper Rule 56(f) motion supported by affidavits requesting additional time for discovery.
 
 
 11
 Nevertheless, Biggs contends Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302 (9th Cir.1986), and International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir.1991), cert. denied, 112 S.Ct. 936 (1992), require us to ignore the formality requirements for Rule 56(f) motions in the instant case. We reject this argument. In Hancock, the court held that a party's "opposition, affidavit, motion to compel discovery, interrogatories, and request for witnesses are adequate to raise a Rule 56(f) consideration." Hancock, 787 F.2d at 1306 n. 1. In contrast to the party in Hancock, however, Biggs efforts were insufficient to invoke Rule 56(f). Although Biggs did mention Rule 56(f) in memoranda, he neither pursued any additional discovery concerning liquidated damages prior to the September 23 hearing on the summary judgment motions, nor submitted affidavits concerning his inability to discover particular facts necessary to oppose the motion. Hancock, therefore, is not controlling in this case.
 
 
 12
 Likewise, International Shortstop is not persuasive here. In that case, the court was "satisfied that by its multiple filings prior to the court's ruling on the motion for summary judgment, Shortstop adequately invoked Rule 56(f)." International Shortstop, 939 F.2d at 1267-68. There, the party opposing the summary judgment motion, Shortstop, made numerous efforts to discover facts necessary for its opposition:
 
 
 13
 In its initial response to the motion for summary judgment, Shortstop noted that several depositions were still outstanding. Later, but prior to the court's ruling on the motion for summary judgment, Shortstop thrice sought a continuance of discovery and promptly alerted the district court to the discovery proceedings before the magistrate judge, requesting leave to file a supplemental memorandum in opposition to the motion for summary judgment.
 
 
 14
 Furthermore, Shortstop explained that the discovery it sought pertained directly to the privilege issue which was the focus of Rally's motion....
 
 
 15
 Id. at 1268. Biggs, on the other hand, pointed to no outstanding depositions or other efforts to obtain further discovery even though the discovery completion date fell two months after Wilson filed his motion for summary judgment. Moreover, other than the two sentences in his memoranda, Biggs made no additional efforts to continue discovery beyond the established completion date. We conclude Biggs failed to make a proper Rule 56(f) motion.
 
 
 16
 In light of Biggs's failure to make a proper Rule 56(f) motion in a timely manner, we conclude the district court did not abuse its discretion by denying Biggs's request for additional time for discovery.
 
 III
 
 17
 Biggs contends the district court erred in denying his request pursuant to Fed.R.Civ.P. 16(b) to extend the discovery completion date found in Pretrial Scheduling Order. "The district court is given broad discretion in supervising the pretrial phase of litigation, and its discretion regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir.1985).
 
 
 18
 Rule 16(b) provides, "A [pretrial] schedule shall not be modified except by leave of the judge or a magistrate when authorized by district court rule upon a showing of good cause." Fed.R.Civ.P. 16(b).
 
 
 19
 Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.
 
 
 20
 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992) (citations omitted) (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).
 
 
 21
 Here, the record supports the district court's conclusion that Biggs failed to show good cause to amend the Pretrial Scheduling Order. First, Biggs did not file his Rule 16(b) motion until two months after both the established discovery completion date and the filing of the court's order on the cross-motions for summary judgment. Second, and more important, Biggs filed his Rule 16(b) motion four months after he became aware of Wilson's summary judgment motion on the issue of liquidated damages. Even though he acknowledges learning of Wilson's intentions as early as the end of July, 1991, Biggs offers no satisfactory explanation for his failure to file a Rule 16(b) motion in the two months prior to the September 30, 1991, completion date. We conclude Biggs was not diligent in seeking the extension of the discovery completion date found in the Pretrial Scheduling Order, and therefore the district court did not abuse its discretion by denying Biggs's dilatory Rule 16(b) motion.
 
 IV
 
 22
 Biggs argues the district court erred in denying his motion to amend the complaint pursuant to Fed.R.Civ.P. 15. The district court denied Biggs's motion to amend the complaint to add the state of California as a defendant filed two months after the court had ruled on the motions for summary judgment, because the motion was prejudicial to the defendants and the failure to name the proper defendant was not the only reason liquidated damages were not awarded. We review for abuse of discretion the district court's decision to deny Biggs's motion to amend his complaint. Schlacter-Jones v. General Tel. of Cal., 936 F.2d 435, 443 (9th Cir.1991).
 
 
 23
 "Under the Federal Rules of Civil Procedure, leave to amend should be freely granted when justice so requires." M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir.1983). "This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " Schlacter-Jones, 936 F.2d at 435 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "A motion for leave to amend is not a vehicle to circumvent summary judgment." Id.
 
 
 24
 In light of the timing of the motion to amend the complaint, we conclude the district court did not abuse its discretion by denying Biggs's motion. Here, the motion to amend was made two months after the court's rulings on the motions for summary judgment, and a year and four months after the original complaint was filed. We previously have affirmed district court denials of similar motions made on the eve of a hearing on a summary judgment motion. See Schlacter-Jones, 936 F.2d at 443 ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave."); M/V American Queen, 708 F.2d at 1492 ("Finally, a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend."); Roberts v. Arizona Board of Regents, 661 F.2d 796, 798 (9th Cir.1981) (affirming the denial of a motion for leave to amend solely because the district court found that raising the new issue at the "eleventh hour" was prejudicial to the moving party).
 
 
 25
 Moreover, we find the delay even more dilatory in this case, because Biggs alleged no new facts discovered in the period between the filing of the complaint and the date of his Rule 15 motion. See M/V American Queen, 708 F.2d at 1492. The prejudicial and dilatory factors present in this case support our conclusion that the district court properly exercised its discretion in denying Biggs's motion for leave to amend the complaint.
 
 
 26
 AFFIRMED.
 
 
 27
 REINHARDT, Circuit Judge, concurs in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This disposition relates to appellants' cross-appeal and only decides issues in case No. 92-15334. Issues decided in case No. 92-15935 are dealt with in a separate opinion