**Mahzad PAKZAD, Plaintiff—Appellant,**

v.

**VOLEX, INC., Defendant—Appellee.**

No. 04–15150.

D.C. No. CV–03–00301–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mahzad Pakzad, Richland, WA, pro se.

Natalie A. Beccia, Alison L. Tsao, Carlton Disante & Freudenberger, San Francisco, CA, for Defendant–Appellee.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Mahzad Pakzad appeals pro se the district court's summary judgment in favor of Volex, Inc., in her action alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.1996), we affirm.

The district court properly granted summary judgment on Pakzad's claim that she was not promoted to a management position because of her gender. Pakzad failed to rebut the defendant's evidence that she (1) had performance problems, (2) lacked management experience, and (3) was not eligible for promotion because defendant's policy required six months of tenure in one position. Morever, the defendant filled the position with an individual who had management experience. *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 744–46 (9th Cir.2004) (concluding that plaintiff's evidence failed to raise a triable issue as to discrimination).

The district court properly granted summary judgment on Pakzad's claim that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

she was demoted on account of gender discrimination because she did not demonstrate she was subject to an adverse employment action. *See Ray v. Henderson,* 217 F.3d 1234, 1240–43 (9th Cir.2000) (discussing the range of adverse employment actions, including job transfers and dissemination of unfavorable job references). The only evidence offered to support her demotion theory was that her title was changed from "Senior Manufacturing Engineer" to "Process Engineer." The evidence shows, however, that all manufacturing engineers' titles, both male and female, were changed as part of a company-wide change.

■ The district court properly granted summary judgment on Pakzad's wrongful termination claim because she failed to rebut the defendant's evidence that it terminated the two most junior engineers in her department, plaintiff and a male engineer, due to a reduction in force, and that no one was hired to replace them. Moreover, the evidence shows that after plaintiff's position was terminated, her manager was also laid off. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 660–64 (9th Cir.2002).

The district court properly granted summary judgment on Pakzad's retaliation claim because she failed to rebut defendant's nondiscriminatory reason for her termination. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062–63 (9th Cir.2002).

■ The district court properly concluded that Pakzad failed to exhaust administrative remedies as to her claim that she was subjected to a hostile work environment because she did not include this claim in her Department of Fair Employment and Housing ("DFEH") complaint,

and it would not have been reasonably discovered during the DFEH's investigation of her complaint. *See Rodriquez v. Airborne Express,* 265 F.3d 890, 897–98 (9th Cir.2001).

■ The district court did not abuse its discretion in refusing to consider Pakzad's claims under the Equal Pay Act and California Labor Code §§ 970 and 972 because Pakzad raised these claims for the first time in her opposition to the summary judgment motion after the close of discovery. *See Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir.1981) (affirming district court where request to amend complaint was "raised at the eleventh hour, after discovery was virtually complete and the Board's motion for summary judgment was pending before the court").

**AFFIRMED.**