**Ashish DAVID, Plaintiff—Appellant,**

v.

**Tamara K. RICH, Officer; et al.,
Defendants—Appellees.**

No. 04–16831.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Ashish David, Glendale, AZ, pro se.

Sandra A. Shoupe–Gorga, Esq., Holloway, Odegard, Sweeney & Evans P.C., Phoenix, AZ, for Defendants—Appellees.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Ashish David appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that the defendants knowingly violated the double jeopardy clause in order to convict him of a crime. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a summary judgment and, we review for abuse of discretion the denial of leave to amend, and the denial of a request to modify a scheduling order. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 983 (9th Cir.1999) (summary judgment); *Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir.2002) (leave to amend and scheduling order modifications). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa,* 49 F.3d 583, 584 (9th Cir. 1995) (per curiam).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court did not abuse its discretion in denying David's motion for leave to amend his complaint, as David filed the motion after the defendants moved for summary judgment. *See Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir.1981) (affirming denial of motion to amend raised "after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court").

The district court did not abuse its discretion in denying David's motion for an extension of time because David did not establish that the existing deadlines could not reasonably be met. *See Zivkovic,* 302 F.3d at 1087.

The district court properly granted summary judgment for Officer Rich after determining that she was entitled to qualified immunity because no evidence established that Officer Rich's conduct violated a constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

All remaining contentions are unpersuasive.

AFFIRMED.