John Gordon JONES, Plaintiff–Appellant,

v.

COUNTY OF LOS ANGELES, a government entity; City of Los Angeles, a government entity; Steven L. Cooley, individually & in his capacity as Dis-

trict Attorney; Patrick Dixon, individually & in his capacity as District Attorney; Robert B. Foltz, individually & in his capacity as Deputy District Attorney; Karla Kerlin, individually & in her capacity as Deputy District Attorney; Timothy Marcia, individually; Dean Gizzi, individually, Defendants–Appellees.

No. 05–55860.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 12, 2007.

Barry K. Rothman, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Richard S. Kemalyan, Esq., Toni Rae Bruno, Esq., Dwyer Daly Brotzen & Bruno, Lisa S. Berger, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

John Gordon Jones appeals the district court's summary judgment in favor of the County of Los Angeles, the City of Los Angeles, Deputy District Attorney Karla Kerlin, and Los Angeles Police Detectives Timothy Marcia and Dean Gizzi in Jones's

ed by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review for abuse of discretion the district court's decision not to allow Jones to amend his complaint to assert that the defendants failed to obtain or disclose an allegedly exculpatory videotape. *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir.1991). Jones waited to raise this argument, which he could have alleged years earlier, until the defendants had moved for summary judgment and amending the pleadings would have delayed resolution of the case. The district court, therefore, did not abuse its discretion by denying leave to amend. *See Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir.1981) (district court does not abuse its discretion when it denies a request to add a new claim "raised at the eleventh hour, after discovery was complete and the defendant's motion for summary judgment was pending before the court.").

We reject Jones's assertion that the district court failed to resolve his evidentiary objections. The district court disposed of Jones's evidentiary objections in footnote 1 of its order.

With respect to all other issues raised by Jones, we affirm for the reasons well stated by the district court.

**AFFIRMED.**

