**CENTURY 21 REAL ESTATE LLC, Plaintiff–Appellant,**

v.

**CENTURY SURETY CO. d/b/a Century Insurance Group, Defendant–Appellee.**

No. 07–15423.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted on Oct. 24, 2008.

Filed Nov. 17, 2008.

Elizabeth Cohen, Esquire, Michael A. Grow, Esquire, Arent Fox PLLC, Washington, DC, Brett M. Hager, Esquire, Sanders & Parks, P.C., Phoenix, AZ, for Plaintiff–Appellant.

David E. Rogers, Esquire, Squire, Sanders & Dempsey, LLP, Phoenix, AZ, for Defendant–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: D.W. NELSON, SCHROEDER, and ROTH,* Circuit Judges.

## MEMORANDUM **

Century 21 Real Estate LLC filed this action, apparently as part of an aggressive program of protecting its service marks. At issue is whether Century Surety Co. (Century Surety), an insurance underwriting firm that has been operating at a national level since at least the early 1990s, may continue to use the term "Century" in connection with its services. The district court granted summary judgment to Century Surety on Century 21's infringement, dilution, unfair competition, and registration claims. In the process, the court denied two motions to amend and struck portions of declarations submitted by Century 21 representative Dale Omer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we will not recite them here.

The district court did not abuse its discretion in denying Century 21's motions to amend. Both motions were filed after summary judgment had been briefed and argued and would have required reopening discovery. See M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir.1983); Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir.1981). Likewise, the district court properly found that portions of Omer's declarations were shams.[1] Omer's deposition testimony was clear, and it contradicted some of the statements made in his declarations. Finally, having weighed all of the relevant factors, we agree with the district court that summary judgment was appropriate on all of Century 21's claims. See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1085 (9th Cir.2005) (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir.1979)); Thane Int'l v. Trek Bicycle Corp., 305 F.3d 894, 912 (9th Cir.2002). Simply put, and notwithstanding the voluminous record, Century 21 has failed to point to any facts outside of its proposed amendments and sham declarations that would create a triable issue as to a "likelihood of confusion" or a "likelihood of dilution." See 15 U.S.C. § 1125(c)(2)(B); Sleekcraft, 599 F.2d at 348–49.

**AFFIRMED.**

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Court's finding was one of fact which we review for clear error. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 267 (9th Cir.1991).