**STATIONS WEST, LLC, an Oregon limited liability company, Plaintiff—Appellant,**

v.

**PINNACLE BANK OF OREGON, an Oregon corporation, Defendant,**

and

**BP West Coast Products LLC, a Delaware limited liability company; et al., Defendants—Appellees.**

No. 08–35524.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2009.

Filed July 16, 2009.

Terrance J. Slominski, Slominski & Associates, Tigard, OR, for Plaintiff–Appellant.

Mark M. Lecoq, Esquire, Schwabe, Williamson & Wyatt, P.C., Portland, OR, for Defendant.

Douglas Clayton Berry, Graham & Dunn, PC, Seattle, WA, Jonathan Mark Radmacher, Barry Groce, J. Kurt Kraemer, Esquire, Mcewen Gisvold, LLP, Portland, OR, for Defendants–Appellees.

Before: PREGERSON, RYMER, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Stations West, LLC (Stations West) appeals dismissal of its wrongful foreclosure claims against Joel Parker, and summary judgment on its wrongful foreclosure, trespass, and conversion claims against BP West Coast Products LLC (BP). We affirm.

### I

■ As the First Amended Complaint incorporates the Trust Deed, Notice of Default, and Notice of Sale, we may review them to see whether the alleged deficiencies exist under Oregon Revised Statutes (ORS) sections 86.735 and 86.745 (2003).[1] *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005). Assuming Stations West may proceed on such a claim, the trustee's name and mailing address are listed in the notices. *See* ORS § 86.745(1). The notices set forth the default, that is, that Stations West failed to make payment of all outstanding principal plus accrued interest on the note secured by the trust deed when due. *See id.* § 86.745(4). And, the notices set forth the "sum owing" on the trust deed obligation, which was the "[p]rincipal balance of $2,099,280.77 together with interest (at the default rate), plus late charges, trustee's fees, attorney's fees, costs of foreclosure, and any sums

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The June 24, 2009 amendments to ORS section 86.745 do not affect the issues in this appeal. *See* 2009 Oregon Sess. Laws, ch. 510, § 2.

advanced by the beneficiary pursuant to the terms of the Trust Deed." *See id.* § 86.745(5). Sections 86.735 and 86.745 require no more. Stations West never claims that it exercised the option available to it to ask for the additional information it sought under ORS sections 86.757 and 86.759, or that it could meet any of the statutory requirements for remedying notice it wasn't given. *See id.* §§ 86.742, 86.757 & 86.759.

## II

The district court did not abuse its discretion in declining to consider the theory, first advanced in response to BP's motion for summary judgment, that BP trespassed before the foreclosure sale. Changing the basis of liability at that point would have effectively amended the complaint after the close of discovery and initiation of summary judgment proceedings. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398–99 (9th Cir.1986); *Roberts v. Ariz. Bd. of Regents,* 661 F.2d 796, 798 (9th Cir.1981). In any event, the only evidence proffered in support was hearsay. *See* Fed.R.Evid. 801(c) & 802.

Neither does Stations West raise a triable issue that BP converted its equipment and personal property. BP's evidence that nothing of value was left at the station as of November 6, 2006, is substantially uncontroverted. To the extent timely presented, Stations West's claims are without substantiation based on specific equipment or values. *See Hall v. Work,* 223 Or. 347, 354 P.2d 837, 842–43 (1960).

AFFIRMED.