**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCOIS POITIER GIVENS, | No. 08-16843 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-03575-MHP |
| v. | |
| MATTHEW CATE[*], Secretary, California Department of Corrections and Rehabilitation; et al., | MEMORANDUM [**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted December 15, 2009[***]

Before:   GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

---

[*]   Matthew Cate is substituted for his predecessor, James Tilton, as Secretary, pursuant to Fed. R. App. P. 43(c)(2).

[**]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

PDM/Research

Francois Poitier Givens, a former California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), review for clear error its factual determinations, *id.*, and review for an abuse of discretion its denial of leave to amend, *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981), and its denial of a motion for reconsideration, *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 987 (9th Cir. 1999). We affirm.

The district court properly dismissed the action because Givens did not complete the administrative appeals process in accordance with the prison's procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that "proper exhaustion" under § 1997e(a) requires inmates to complete "all steps that the agency holds out" and to follow administrative procedural rules); *see also* Cal. Code Regs. tit. 15, § 3084.5(a).

The district court did not abuse its discretion in denying Givens's motion for leave to file an amended complaint, because further amendment would have been futile in light of Givens's failure to exhaust administrative remedies. *Cf. Caswell*

2

*v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004) (affirming district court's order denying leave to amend habeas petition where petitioner's failure to exhaust state remedies rendered amendment futile).

The district court did not abuse its discretion in denying Givens's motion to reconsider because he did not present newly discovered evidence, indicate a change in controlling law, or demonstrate that the district court committed clear error or made a manifestly unjust decision. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth elements for reconsideration under federal rules); *see also* N. Dist. of Cal. Civil Local Rule 7-9 (regarding reconsideration).

Because we will not consider evidence presented for the first time on appeal, Givens's request to lodge a document is denied. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (explaining that documents not presented to the district court are not part of the record on appeal).

Givens's remaining contentions are unpersuasive.

**AFFIRMED.**