**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M & F FISHING, INC.; M/V KOORALE, | No. 08-56788 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-00934-DMS-BLM |
| v. | |
| CERTAIN LLOYDS OF LONDON UNDERWRITERS; GE FRANKONA REINSURANCE CO. LTD.; UNITED STATES DEPARTMENT OF COMMERCE AKA National Marine Fisheries Services; SEAPAC MARINE INSURANCE MANAGERS, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 11, 2010 [**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,[***] Chief District Judge.

The district court granted summary judgment to Certain Lloyds of London Underwriters. M&F appeals the judgment and also appeals the district court's denial of its motion to default Underwriters for failure to post a bond under California Insurance Code § 1616. The district court had admiralty jurisdiction under 28 U.S.C. § 1333(1) and we have appellate jurisdiction under 28 U.S.C. § 1291. Because we affirm the judgment against M&F, any error regarding the bond was harmless and we need not reach the merits of that issue.

M&F brought several claims for coverage under an insurance policy issued by Underwriters. In ruling on Underwriters' motion for summary judgment, the district court limited its analysis to the policy provision covering "negligence of the Masters Officers Crew or Pilots," otherwise known as the Inchmaree Clause. M&F argues that the district court erred because it had sufficiently pled and disclosed during discovery its intent to assert claims under other provisions of the policy. However, the only facts alleged in M&F's complaint and discovery responses relate to the negligence of the substitute custodian, George Copitas. Underwriters therefore were not on notice that M&F intended to sue under other provisions of the policy, and the district court did not abuse its discretion in limiting M&F's claim. *See Bell Atl. Corp. v. Twombly*, 550

---

[***] The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

U.S. 544, 555 (2007); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).

Copitas's alleged negligence was not covered by the Inchmaree Clause. As substitute custodian of the ship, Copitas was not expected to operate the ship in any seagoing capacity; he was essentially a court appointed shoreside manager while the vessel was in custodia legis. M&F did not show that Copitas was acting as a master, officer, crew or pilot at the time of his alleged negligence. His negligence therefore was not covered. *See Founders' Ins. Co. v. Rogers*, 281 F.2d 332, 337-39 (9th Cir. 1960). Likewise, M&F did not show that Copitas was acting as a "repairer or charterer" at the time he was allegedly negligent, so that provision of the policy does not apply.

M&F's only other claim was that Underwriters were negligent in preparing and administering the insurance policy. M&F provided no evidence that Underwriters' failure to issue a final policy or affix the disclosures required by the California Insurance Code caused it any injury. *See* Cal. Ins. Code §§ 382, 1764.1. Nor did M&F show that Underwriters negligently failed to disclose a limitation on the coverage that M&F could reasonably expect from a standard port risk insurance policy. *See Logan v. John Hancock Mut. Life Ins. Co.*, 41 Cal. App. 3d 988, 995, 116 Cal. Rptr. 528, 532 (1974). The district court therefore properly granted Underwriters' motions for summary judgment and properly denied M&F's motion for reconsideration.

AFFIRMED.