**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS JIMENEZ GONZALES, | No. 11-35852 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00932-CL |
| v. | |
| LARRY BLANTON, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding[**]

Submitted January 15, 2013[***]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges

Luis Jimenez Gonzales appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his First

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Eighth Amendment rights by confiscating his property and subjecting him to restrictive housing in retaliation for his grievance activity. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and for an abuse of discretion a district court's denial of leave to file an amended complaint, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Summary judgment on Gonzales' First Amendment retaliation claim was proper because Gonzales failed to raise a genuine dispute of material fact as to whether defendants retaliated against him because of constitutionally protected grievance activity. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (First Amendment retaliation claims require plaintiff to show that an adverse action was taken against him because of his protected conduct and that the action did not reasonably advance a legitimate correctional goal).

Summary judgment on Gonzales' cruel and unusual punishment claim was proper because Gonzales failed to raise a genuine dispute of material fact as to whether he had been subjected to unconstitutional punishment. *See Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996) (pretrial detainees may be subjected to

2

punishment for violations of prison rules or policies as long as they are provided a due process hearing); *see also Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").

The district court properly granted summary judgment on Gonzales' state law claims for negligence and intentional infliction of emotional distress because Gonzales failed to comply with the Oregon Tort Claims Act's mandatory notice provisions. *See* Or. Rev. Stat. § 30.275(1) ("No action arising from any act or omission of a public body or an officer, employee or agent of a public body . . . shall be maintained unless notice of claim is given as required by this section.").

The district court did not abuse its discretion in denying Gonzales leave to file a second amended complaint as Gonzales unduly delayed in seeking to amend his complaint. *See Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (affirming denial of motion to amend raised after discovery was "virtually complete" and while defendant's motion for summary judgment was pending before the court).

**AFFIRMED.**