**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES ALLEN FLOYD,

        Plaintiff-Appellant,

v.

ADA COUNTY; et al.,

        Defendants-Appellees.

No.   20-35481

D.C. No. 1:17-cv-00150-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted May 6, 2022 [**]

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

     James Floyd appeals the district court's grant of summary judgment in favor

of the defendants in his civil rights action.  We have jurisdiction pursuant to 28

U.S.C. § 1291.  We review the grant of summary judgment de novo, *Gordon v.

Cnty. of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018), and affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court acted within its discretion when it denied Floyd's requests to appoint counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and exceptional circumstances test).

The district court did not abuse its discretion by denying Floyd's request to amend to add a party and new claim, which was made five years after the events occurred, well after the deadline to amend, and while summary judgment was pending. *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).

Summary judgment was proper for the defendants. Floyd failed to establish that any named defendant acted with objective deliberate indifference to serious medical or mental health needs. *Gordon*, 888 F.3d at 1124-25 (setting forth the objective deliberate indifference standard for pretrial detainees); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (setting forth the standards for county liability). Jail and medical records established that the nurses scheduled and confirmed an appointment with a social worker within days of Floyd's request to be seen. There is no evidence that Floyd was taking medication when he was booked into the jail in 2014 or that the nurse who performed the initial assessments knew that he was taking medication. Moreover, she noted unremarkable objective mental findings when she saw him. Floyd also failed to establish that any defendant acted with objective deliberate indifference to a

2

serious medical need by not providing better shoes when he complained that the cheap jail shoes hurt his feet and made it hard to walk. Finally, Floyd failed to establish that the jail policy for prescription medication prevented him from taking the pain medication prescribed by the physician assistant. Although Floyd now alleges that the medical records are inaccurate, he failed to come forward with admissible evidence. Allegations are not the same as proof. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (an assertion that is "blatantly contradicted by the record, so that no reasonable jury could believe it" will not create a genuine issue of material fact at summary judgment).

We decline to consider issues not raised in the district court. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**